The argument next in Matuszak v. Commissioner of the Internal Revenue Service, 16-3034. Mr. Zink. Good morning, Your Honor. It's Keith Fogg for Appellant Linda Matuszak, introducing Jeffrey Zink, a third-year student at Harvard Law School. Thank you, Mr. Fogg. Mr. Zink.  Finding that the time period in 6015 E1A is jurisdictional would mean that people seeking innocent spouse relief, who are typically pro se, would be powerless to challenge an IRS denial in tax court if the IRS misleads them into filing late. That's right. And it's a terrible result. Terrible, terrible result. But why isn't it required the way we have read that clause in Meyer? You know, the best argument you make is that the jurisdictional clause refers only to courts, and that the additional clauses are instead things people have to do but not jurisdictionally. The problem is that in Meyer we held that one of these additional clauses was in fact governed by the jurisdictional clause, and I don't see any argument other than that it's an awful result that says that some of these are linked to the original jurisdiction and some are not. So can you help me out? Because, Your Honor, if Congress intended to make the time period in 6015 E1A jurisdictional, it chose a strange way of doing so by including the jurisdictional grant in parentheses and following that parenthetical width to determine That applies just as much to Meyer. I mean, I'm bound by Meyer, whether I like it or not, and I don't like it, but I'm bound by it. And so I have to have an argument from you that tells me that somehow this parenthetical or so on applies to one and not to the other, and I just don't see it. Well, Your Honor, you know, this is an equitable statute. And so Henderson v. Shinseki tells us that the time period for requesting a hearing in veterans court was not jurisdictional because of the solicitous nature of the scheme designed for veterans benefits, and those same considerations apply here. So 6015 is meant to provide relief to people who shouldn't be held responsible for tax liability resulting from a joint return. Oh, but there are other petitions, like the Seventh Circuit's case, which was a petition for redetermination because people don't owe this much taxes. As Judge Sutton said in the Sixth Circuit, everybody has to pay them, but nobody wants to. Boy, do I know that, today being the 20th. But the Seventh Circuit had the same language in the later paragraph. I know you're hanging your hat on the parenthetical, but what do you make of the ultimate jurisdictional paragraph that's part of the same section? The tax court shall have no jurisdiction under this subparagraph to enjoin any action proceeding unless a timely petition has been filed. That sounds like a clear statement to me. How much clearer does it have to be? Well, Your Honor, to that language, there are other sections in the code that allow it. What's unclear about that? So there are other sections in the code that allow petitions that are untimely filed, or that are filed late, to nevertheless be considered timely. Well, I understand that, but that only proves the point that this is jurisdictional because it says it's jurisdictional. Well, Your Honor, I mean if— I mean, I think Congress knows what it means when it says jurisdiction. Well, again, it would be—it's a strange way to make the time period jurisdictional by dropping it into a parenthetical, given that— We're talking about the parenthetical. I'm asking about 1615e1. Right, Your Honor. And so if— So they took away the confusion, and they—bingo, that's what they said. And that's the exact same language that just—in a different section of the tax code that Judge Easterbrook said. That's jurisdictional. It's a clear statement. It can't be any clearer than that. Judge Easterbrook's a pretty smart guy. I mean, you know, I'm not bound by him, but it's persuasive to me. How do you get away from that? Well, because, Your Honor, if those statutory provisions, 7502 and 7508, can be used to find a petition that's sent in late to nevertheless be timely, then that same logic should apply to an equitable doctrine. And that's—again, turning back to the equitable nature of the statute, these are cases that involve criminal activity or domestic abuse by the other spouse, domination of the household's finances. Is there any cause of action against the agent who misled? Not that I'm aware of, Your Honor. I don't know of any, but is that misleading somehow, suable under the Federal Tort Claims Act or anything of that sort? Not that I'm aware of, Your Honor, because the agent would have been acting, you know, within their own—in their capacity as a government employee. And so, you know, these—this is not just about whether the government—their reading of the statute is plausible. It's about whether it's clear. And so—and the government's reading of the statute undermines the purpose of the statute, which is to provide an equitable remedy. It's a lousy policy, but it doesn't mean it's not clear. Well, Henderson v. Shinseki— I know every judge's dilemma is a statute that they detest, but they periodically remind themselves of an oath that they took, you know, to support and defend the Constitution and uphold the laws of the United States. There are lots of really lousy laws that judges regularly enforce, whether they like it or not. They have a choice. They don't have to be judges. But this is a—you went hands down this is lousy, but I don't know how it's not a clear statement. Because, Your Honor, Henderson v. Shinseki tells us to look to the nature of the statutory scheme, and if it's a— May I ask you one other thing? Isn't it always the case with a jurisdictional statute that you can have exactly the kind of inequitable result that you are showing to us here? That is, a statute that says this is jurisdictional, and we mean it to be jurisdictional, and then some representative of the government tells some poor sucker, you have more time. But the same thing can happen under any statute which is jurisdictional. So if we buy your equitable argument, we are in effect saying, in every case where there is a jurisdictional statute, we've got to find a way out because it's such an absurd thing. And that means jurisdiction doesn't exist. I'd like that. I'm not much on jurisdiction. But that's something one can do, can't we? I disagree, Your Honor. This was an area of law specifically set out by Congress when it created 6015 to provide equitable relief. So it's — that's a relevant consideration under Henderson v. Shinseki, and it's not just— So stop. So I'm looking at the language, and you keep — whenever we refer to the language, you keep referring to Henderson. But take me through the language and tell me how the relevant language of subparagraphics, it's E, 1A, is not jurisdictional as to the time limitation. Because, Your Honor, the jurisdictional grant in parentheses is merely reiterating that the tax court has jurisdiction. By putting it in parentheses, it's noting that this is just explanatory. Reiterating that the tax court has jurisdiction, but what is it reiterating? Where else does that appear? It's reiterating what would be an implicit grant. If you — if the parenthetical was removed from the statute, you'd likely have an implicit grant of jurisdiction. And so this is making that implicit grant of jurisdiction explicit. And, you know, parentheticals can be used to explain the language around it. And the government even concedes in its brief that that's — You're saying that all it says is that this goes to the tax court rather than to a federal district court or rather to another agency or something of that sort. But that's the only thing that jurisdictional language refers to. That's correct, Your Honor. But it says the individual may petition the tax court. So, obviously, it's the petition goes to the tax court. So why add and the tax court shall have jurisdiction? I'm not sure why Congress chose to add that, Your Honor. But it's a perfectly plausible reading that language in parentheses — the language in parentheses is just reiterating that the tax court has jurisdiction. The tax court likely still would have had jurisdiction without the parenthetical, but the parenthetical clarifies matters that jurisdiction goes to the tax court. All right. Thank you very much. Thank you, Mr. Calderon. Good morning, Your Honors. I'm Richard Calderoni on behalf of the Commissioner of Internal Revenue. May it please the Court. The plain text of Section 6015 E1A makes the 90-day period for filing an innocent spouse petition in the tax court jurisdictional. The statute says that the tax court shall have jurisdiction to determine the appropriate relief available to the individual under this section if the petition is filed in that 90-day window. And by enacting that language, Congress both drew a direct link between the tax court's jurisdiction — Is there anything that the tax people could have done to accept this? I don't mean the tax court. I don't mean things. But just because you guys gave wrong advice, is there anything you could have done to accept this? No, Your Honor, I don't think so because this is a jurisdictional rule. What's more, it's clear that without a different congressionally enacted rule, it was very likely that the IRS would have granted Ms. Matusak relief in the first place. It granted her relief for tax year 2008. It denied it for 2007, but only on the basis that her claim was barred by 6015 G2, which says that a prior decision of a court in which the taxpayer meaningfully participated is conclusive and cannot be overturned. And there was a prior tax court proceeding involving the Matusak's 2007 tax year here. Was she participating? The IRS reached that conclusion, Your Honor. There is — obviously, the evidence on that point is not particularly — Let me go back to the language in the context of the statute. So 6213, as I understand it, was amended at the same time as 6015, which is the relevant statute in this case. Yes, Your Honor. And that section — so Congress does — amends and adds language to both statutes simultaneously. And that statute says, Within 90 days, the taxpayer may file a petition with the tax court for a redetermination of the deficiency. The tax court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed. The officer hasn't made much of this, but take me through why it is that in 6213, the language is crystal clear as to the lack of jurisdiction when there's not a timely petition. And yet in 6015, all you have is this short parenthetical. Your Honor, of course, that's not all you have. If you have an E-1B analogous language to what — to the same — to the language in section 6213, and the Seventh Circuit's opinion in the Tilden case indicates that that language standing alone would be sufficient to render the time limit in the U.N.A. jurisdictional case. The question is, if that language is sufficient, why did they feel that with respect to the other section, they had to add additional language, which makes it perfectly, absolutely crystal clear? You know, one — it's the old expressionius. I mean, here they went to their — here they said, and there shall be no jurisdiction and so on. If it was before us, they didn't add that extra one. Are we to give any meaning to that? You know, if they hadn't done it in either one, it would be very hard not to read it the way you say. But I'm missing — that language is in 6015E. It's E-1B. That paragraph is there. It's the same paragraph — it's almost the same paragraph as the paragraph in 6013. It says the tax court shall have no jurisdiction under this subparagraph to enjoin any actual proceeding unless a timely petition has been filed under subparagraph A. What does this subparagraph mean, refer to? Excuse me, Your Honor. Do you mean subparagraph E-1B? Of B. Yes. I guess it's E-1B-2, right? Yes. That paragraph is analogous to the language in section 6213. It means that generally under E-1B, the IRS can't bring collection actions with respect to the innocent spouse petition while a timely petition is pending in the tax court. And what B-2 does is it gives the tax court the authority to enjoin those premature collection actions, but only if there's a timely petition filed, as Judge Wessler noted. Subparagraph E, petition for review by tax court, which then contains — one contains A and one I, and then one Roman numeral I, Roman numeral II, which is the two time periods, the six months or the 90 days. And then 6015 E-1B has the paragraph, the jurisdictional paragraph. It's exactly the same. Yes. That's exactly right, Your Honor. It is actually this statute that contains extra language. This statute has more jurisdictional language than section 6213, not less. So the jurisdictional language, when it says under this subparagraph, you are saying refers to E as a whole. I'm sorry, Your Honor. Is this in E-1? E-2. Yes. It says the tax court shall not — shall have no jurisdiction under this subparagraph. I think that is section E-1B, Your Honor. Right. E-1B. E-1B, yes. And Judge Calabresi is correct that this Court's opinion in Meyer held that the same parenthetical language in section E-1A rendered a different restriction in paragraph E-1 jurisdictional. The question in Meyer was who could file a petition. And the statute says that in the case of an individual who elects to have the innocent spouse provisions apply, the individual may file a petition. There is no difference in the placement of the two clauses with respect to person and with respect to time. They stand in the statute in the same grammatical and structural way. Yes, Your Honor. The language about individuals precedes the jurisdictional grant, and the language about time follows the jurisdictional grant, but they're each tied to that grant by conditional language. So, yes, that's exactly right. And, Your Honors, we acknowledge that jurisdictional time limits can and occasionally will have harsh effects. But this is a statute in which Congress made — expressly made a jurisdictional time limit and it did it twice over, both in E-1A and E-1B. Moreover, there is a good reason for Congress to make this time limit jurisdictional because this time limit not only tells the petitioner the last day on which a petition can be filed in the tax court, it also tells the IRS the first day on which it can begin collection actions. And because it's jurisdictional, the IRS can know that date more or less with certainty in every case. And finally, Your Honors, we would note that the potentially harsh consequences of a jurisdictional rule are at least somewhat mitigated in the context of Section 6015, because most taxpayers who miss this deadline have a potential alternate route into court through the refund process. For these reasons, we respectfully request that you affirm the tax court's order of dismissal. Thank you very much. I'd just like to make a few points. Gonzales and Auburn say that jurisdictional prerequisites around a claims processing rule don't make that claims processing rule jurisdictional. And so it makes it a lot more difficult to say that E-1B is necessarily making the time period in the jurisdiction — the time period in E-1A jurisdictional. How much clearer would it need to be? Well, the Supreme Court in E-L versus V-L gave some indication of what would amount to a clear statement. And that would be saying, and the court shall have jurisdiction only if. And we don't have anything close to that language here, Your Honor. We have a — Could you address the refund? Suppose your client paid and then sued in the district court for a refund. That would technically be possible, Your Honor. But Ms. Musuzak has very — is very limited financially and owes about half a million dollars to the IRS because of the tax debt that was racked up by illegal activity by her husband. Yeah. But in terms of the effect of a jurisdictional rule, it doesn't bar another way. It's a way that may be difficult for some people, but is available, it is, to pay and then go to the district court. Yes, Your Honor. But it's not just difficult for some people. It's difficult for almost everyone that's going to request innocent spouse relief. Seventy-two percent of people seeking innocent spouse relief are pro se, and 65 percent make less than $30,000 a year. So these are not people that could — You know, I understand, but that's an odd way to interpret a statute. I mean, to interpret a statute about how lousy it is if the language, which is clear, if we give the effect to the language that Congress employed that seems to be understandable, I get it. But think about how we would do statutory interpretation if that were the rule. This is a statute that affects people, and even though Congress said it was jurisdictional, that — it couldn't be that Congress meant to be so cold-hearted about it. Maybe Congress did. I understand your concern, Your Honor, but at the same time, Congress did set this area aside specifically for individualized determinations about equity. And that's a nice — that's a good thing. I agree. But to then make the portal through which they can enter so narrow does seem a bit cruel. But they used — I would — and if that word wasn't there, that's not a winner, I think. Sure. On your side of the park, because it's not a clear statement. But it's — jurisdictional is a tough word to get around. You're doing your best, and you're making a good argument, son, but it's a tough case to win. Sure, Your Honor. Thank you. And I read the transcript from the Third Circuit, too, so I know it was a tough day there also. Yes. I — just before I wrap up, we — I do believe we are giving effect to the language that Congress put into this statute. It's simply clarifying that the statute is — provides jurisdiction. It doesn't necessarily make the time period jurisdictional. I understand. I understand. My compliments to Harvard for having you come. And I don't give many compliments to Harvard. Thank you, Your Honor. Thank you, Mr. Zink. I will reserve the decision.